**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DILPREET SINGH,**

**Petitioner,**

**v.** **Civil Action No. 2:26cv232**

**PAUL PERRY, *et al.*,**

**Respondents.**

## SECOND REPORT AND RECOMMENDATION

On July 27, 2026, a Report and Recommendation was docketed in this matter, recommending that Respondents' Motion to Dismiss be granted and Petitioner Dilpreet Singh's ("Singh" or "Petitioner") petition be dismissed, because his petition was rendered moot by a previous detention hearing held before an Immigration Judge. (ECF No. 12). Singh filed objections to the Report and Recommendation. (ECF No. 13). On August 28, 2026, Respondents filed a Notice advising the court that because Petitioner is now subject to a final administrative removal order, his current detention is controlled under 8 U.S.C. § 1231. (ECF No. 15). As a result, the basis for Singh's continued detention changed and must be analyzed under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). The assigned District Judge referred the matter to me to consider Singh's claims in light of the Government's new basis to detain him. (ECF No. 16).

Petitioner was advised that he is entitled to file a response to Respondents' Notice and its assertion that detention is proper under § 1231, and warned that the Court could dismiss some or all of his claims on the basis of the moving party's papers if he did not respond. The court received Petitioner's response on September 28, 2026. (ECF No. 18). Respondent did not reply.

## I. FACTUAL AND PROCEDURAL HISTORY

Respondents' Notice asserts that as a result of factual developments in the case, Singh is now detained under § 1231, which lawfully imposes mandatory detention on immigrants subject to a final order of removal. Resp't's Notice (ECF No. 15, at 1). As of July 24, 2026, Singh was subject to an order of removal following his unsuccessful application for withholding of removal. Order of Immigration Judge (ECF No. 15-1). Records identified in Respondents' Notice include an Immigration Judge's Order of Removal and information that Singh waived his right to appeal, therefore making Petitioner's Removal Order administratively final on that date. Resp't's Notice (ECF No. 15-1, at 3-4).

## II. ANALYSIS

As Respondents acknowledged, this District has received many habeas petitions from ICE detainees contesting mandatory detention under § 1225(b)(2) and seeking bond under the provisions of § 1225(a), as Singh's Petition asserts. But not every detainee subject to mandatory detention is subject to the same statutory basis for detention. And in Singh's case, mandatory detention—which may not have been proper under § 1225(b)(1)—has now been superseded by final resolution of his application for admission. Now that his application has been finally denied, he is subject to a final order of removal. As a result, his continued detention is proper for at least some period of time under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court recognized that detention under § 1231 is presumptively reasonable for at least six months. Id. at 701.

Under 8 U.S.C. § 1231, the United States is provided ninety days to execute a removal upon a final order. The 90-day removal period begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the

date of his release. 8 U.S.C. § 1231(a)(1)(B). Upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

Under Zadvydas v. Davis, the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. at 682. The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

As Singh's detention under that statute began July 24, 2026, his Petition is premature and should be dismissed. See Order, Chavarria Fuentes v. Lyons, No. 1:25-cv-2050 (E.D. Va. Mar. 17, 2026) (ECF No. 28). As of this writing, Singh's detention under § 1231 has not even reached the 90-day period authorized to effect his removal. His response, filed September 28, 2026, does not dispute the Government's Notice—but rather pleads for resolution and a chance to remain in the United States. Pet'r Resp. (ECF No. 18, at 2). To the extent Petitioner brings collateral challenges to his removal proceedings, this court lacks jurisdiction under 8. U.S.C. § 1252(g) to review those claims. Congress has established that federal district courts lack jurisdiction to review collateral attacks on removal. See Joshua M. v. Barr, 439 F. Supp. 3d 632, 666-68 (E.D. Va. 2020) (noting that district courts have a "limited" "ability to review habeas petitions challenging removal orders"). Instead, Petitioner must directly appeal a BIA determination in one of the federal courts of appeal. See, e.g., id.; Igwebuike v.

Caterisano, 230 F. App'x 278, 281 (4th Cir. 2007). Accordingly, this court cannot resolve Petitioner's claims seeking cancellation of removal. Doe v. Mayorkas, No. 120-cv-618, 2021 WL 2336596, at *5 (E.D. Va. June 7, 2021). Should Singh remain detained beyond the presumptively reasonable six-month period of detention, he may bring a new claim for relief under the standards set out in Zadvydas.

## III. CONCLUSION

For the reasons stated, the motion to dismiss set out in Respondent's Opposition, (ECF No. 6), should be GRANTED, and the Petition, (ECF No. 1), should be DENIED and DISMISSED.

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

October 6, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Dilpreet Singh**
**A: 246266553**
**Caroline Detention Facility**
**P.O. Box 1460**
**Bowling Green, VA 22427**

and an electronic copy was provided to:

**Miguel A. Morales Ortiz**
**DOJ-USAO**
**Eastern District of Virginia**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**

**Robert Jacob Schmidt**
**DOJ-USAO**
**Eastern District of Virginia**
**Justin W. Williams United States Attorney's Building**
**2100 Jamieson Ave.**
**Alexandria, VA 22314**

Laura G. Griffin, Clerk

By /s/ J.L. Meyers
Deputy Clerk

October 6, 2026